# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MICHAEL CHESIR,**

        Petitioner,

    -vs-                                                   **Case No. 09-C-987**

**MICHAEL THURMER,**
**Warden, Waupun Correctional Institution,**

        Respondent.

# DECISION AND ORDER

This matter comes before the Court for further review of Michael Chesir's ("Chesir") petition for a writ of habeas corpus, 28 U.S.C. § 2254. Previously, the Court directed the parties to address the timeliness of Chesir's petition. For the reasons that follow, the Court finds that Chesir's due process claim is timely. The Court will request further briefing on that claim.

Chesir was convicted and sentenced in 1997. In 1998, he filed a postconviction motion seeking a reduction of his 60-year sentence. This motion was denied by the circuit court and the court of appeals. The Wisconsin Supreme Court denied a petition for review on April 26, 2000.

On April 26, 2001, Chesir filed a motion in state court entitled "Notice of Motion and Motion for Postconviction Relief." The motion offered no substantive legal arguments. Instead, Chesir stated that he filed the motion to toll the one-year federal habeas limitations

period. He requested that briefing be held in abeyance to permit more time to research and investigate potential claims. The circuit court dismissed Chesir's motion, stating that when and if Chesir "can provide the court with a basis for his motion, the court will consider the merits of his claim. Until then, the court declines to set a briefing schedule to allow the defendant time to research his claims. A motion filed under section 974.06 may be filed at any time."

On December 27, 2005, Chesir filed a § 974.06 motion, presenting (among other claims) a claim that his attorney was ineffective for failing to object to inadmissible Rape Shield evidence at trial. The circuit court denied on the merits. However, the court of appeals refused to rule on the merits, holding that the motion was barred by the rule against successive motions under § 974.06. *State v. Escalona-Naranjo*, 517 N.W.2d 157 (1994). The Wisconsin Supreme Court denied a petition for review on October 20, 2008. Chesir filed the petition at bar on October 16, 2009.

Chesir brings two claims in his petition. First, Chesir claims that his trial attorney was ineffective for failing to object to inadmissible Rape Shield evidence. Second, Chesir claims that the court of appeals denied his right to due process when it held that his claims were procedurally defaulted. Chesir concedes that the first claim is untimely, but argues that the second claim is timely. Chesir further argues that the Court can consider the untimely claim alongside the timely claim as part of the same "application."

As relevant here, the 1-year period of limitation runs from the latest of "(A) the date on which the judgment became final by the conclusion of direct review or the expiration of

-2-

the time for seeking such review;" or "(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(A), (D). Respondent argues that the limitation period expired long ago due to the application of § 2244(d)(1)(A) (after subtracting the time during which collateral motions were pending under § 2244(d)(2)), but he fails to account for the potential applicability of § 2244(d)(1)(D). Chesir's due process claim is timely because it was brought within one year of the Wisconsin Supreme Court's denial of his petition for review of the procedural default ruling. *See Dulworth v. Evans*, 442 F.3d 1265, 1268 (10th Cir. 2006) (§ 2244(d)(1)(D)'s one-year limitation period does not commence until the decision rejecting administrative appeal becomes final).

As for the ineffective assistance claim, it is unnecessary for the Court to decide among conflicting circuit authority whether an untimely claim can piggyback alongside a timely claim. *Compare Walker v. Crosby*, 341 F.3d 1240, 1245 (11th Cir. 2003) ("[t]he statute of limitations in § 2244(d)(1) applies to the application as a whole; individual claims within an application cannot be reviewed separately for timeliness"); *Fielder v. Varner*, 379 F.3d 113, 118 (3d Cir. 2004) (rejecting the *Walker* approach and finding that § 2244(d)(1) must be applied on a "claim-by-claim basis"). If the Court were to conclude that the court of appeals violated Chesir's due process rights, Chesir's remedy is the reinstatement of his post-conviction motion before the court of appeals. The Court would not proceed to decide the merits of Chesir's ineffective assistance claim without first giving the state court a chance to adjudicate that claim. On the other hand, if Chesir's due process rights were not violated,

the ineffective assistance claim was procedurally defaulted, even if it could be considered a timely claim. In either event, Chesir's success or failure in the context of this habeas petition hinges upon whether the court of appeals violated Chesir's due process rights.

**IT IS HEREBY ORDERED THAT** the parties should address Chesir's due process claim according to the following schedule:

- Initial briefs due: **June 4, 2010**
- Response briefs due: **June 18, 2010**

Dated at Milwaukee, Wisconsin, this 13th day of May, 2010.

          **SO ORDERED,**

          *s/ Rudolph T. Randa*
          **HON. RUDOLPH T. RANDA**
          **U.S. District Judge**