# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MICHAEL CHESIR,**

        Petitioner,

        -vs-

**Case No. 09-C-987**

**MICHAEL THURMER,**
**Warden, Waupun Correctional Institution,**

        Respondent.

# DECISION AND ORDER

This matter comes before the Court for further review of Michael Chesir's ("Chesir") petition for a writ of habeas corpus, 28 U.S.C. § 2254. Chesir claims that his trial attorney rendered ineffective assistance of counsel. Chesir also claims that the court of appeals denied his right to due process when it held that his claims were procedurally defaulted. Previously, the Court found that the latter claim was timely and directed further briefing on the merits of that claim. Upon further review of the submissions and materials in this case, Chesir's petition will be denied.

Chesir was convicted and sentenced in 1997. His initial motion for postconviction relief was denied and affirmed on direct appeal. On April 26, 2001, Chesir filed a motion in state court entitled "Notice of Motion and Motion for Postconviction Relief." The motion offered no substantive legal arguments. Instead, Chesir stated that he filed the motion to toll the one-year federal habeas limitations period. He requested that briefing be held in

abeyance to permit more time to research and investigate potential claims. The circuit court dismissed Chesir's motion, stating that when and if Chesir "can provide the court with a basis for his motion, the court will consider the merits of his claim. Until then, the court declines to set a briefing schedule to allow the defendant time to research his claims. A motion filed under section 974.06 may be filed at any time."

On December 27, 2005, Chesir filed a § 974.06 motion, presenting (among other claims) a claim that his attorney was ineffective for failing to object to inadmissible Rape Shield evidence at trial. The circuit court denied on the merits. However, the court of appeals refused to rule on the merits, holding that the motion was barred by the rule against successive motions under § 974.06 and *State v. Escalona-Naranjo*, 517 N.W.2d 157 (1994) (defendant is procedurally barred from raising any claim in a post-conviction motion that he could have raised on direct appeal but did not, unless he has a "sufficient reason"). *State of Wisconsin v. Chesir*, 2007 AP 729 (Wis. Ct. Ap. Aug. 5, 2008) (D. 14, Exhibit 1).

On May 13, 2010, the Court found that Chesir's claim with respect to the State's procedural default ruling was timely pursuant to 28 U.S.C. § 2244(d)(1)(D) (1-year limitation period runs from the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence). However, Chesir's claim involves an alleged constitutional violation that occurred in a collateral proceeding, not at trial or on direct review from his conviction. *See Page v. Frank*, 343 F.3d 901, 905-06 (7th Cir. 2003) (describing procedures governing review of criminal convictions in Wisconsin). Such a claim (even if timely) is not cognizable in a federal habeas proceeding. *Montgomery*

-2-

*v. Meloy*, 90 F.3d 1200, 1206 (7th Cir. 1996) ("errors in state collateral review cannot form the basis for federal habeas corpus relief"); *Williams v. State*, 640 F.2d 140, 143-44 (8th Cir. 1981) ("Errors or defects in the state post-conviction proceeding do not, *ipso facto*, render a prisoner's detention unlawful or raise constitutional questions cognizable in habeas corpus proceedings"); *Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999) (collecting cases). "Whereas a direct criminal appeal has now become a fundamental part of the criminal justice system, state post-conviction relief is not a part of the criminal proceeding – indeed, it is a civil proceeding that occurs only after the criminal proceeding has concluded." *Montgomery*, 90 F.3d at 1206 (internal citations omitted).

As for the ineffective assistance of counsel claim, Chesir previously conceded that this claim is untimely. Even if timely, the ineffective assistance claim was procedurally defaulted pursuant to *Escalona-Naranjo*. *See Greene v. Pollard*, 677 F. Supp. 2d 1073, 1093 (W.D. Wis. 2009) (federal courts recognize *Escalona-Naranjo*'s procedural bar as an independent and adequate state law ground to support dismissing claims).

Finally, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c)(2); Rule 11(a), Rules Governing Section 2254 Cases. Reasonable jurists would not debate the correctness of the Court's substantive or procedural rulings. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** Chesir's petition for a writ of habeas corpus is **DENIED**. The Court will not issue a certificate of appealability. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 28th day of September, 2010.

**SO ORDERED,**

*s/ Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**